WARREN S. MORRILL *vs.* EDWIN T. FARR.

Cumberland.      Opinion October 14, 1931.

*Ellis L. Aldrich,* for plaintiff.
*Bermans,*
*Joseph H. Rousseau,* for defendant.

Sitting: Pattangall, C. J., Dunn, Sturgis, Barnes, Farrington, Thaxter, JJ.

Barnes, J. Plaintiff sued for services alleged to have been performed in securing a purchaser of defendant's village lot and building, declaring on a parol contract, on account annexed for a definite percentage of the price paid defendant, and in *quantum meruit*. There is no claim of a formal contract in stated terms.

It is admitted that the property was bought by the party to whom plaintiff suggested purchase.

Defendant denied having employed plaintiff.

Trial was had before judge and jury; and when plaintiff rested, defendant's motion for a nonsuit was granted.

The case comes up on exception to grant of nonsuit and a further exception to a ruling on the admission of evidence, which we do not consider, because, as the matter has proceeded, the plaintiff was not injured by the exclusion of evidence to which he excepted.

A broker's right to compensation is wholly dependent on a contract of employment. Such contract may be express or implied. *Saunders* v. *Saunders*, 90 Me., 284.

To demonstrate the existence of an implied contract facts and circumstances must be presented from which a hiring can be implied: it must appear that the plaintiff rendered services in behalf of the defendant, with the knowledge and consent of the latter.

In case there were no evidence of the setting up of a contract; no ratification of a suggested contract, nor evidence sufficient to justify reasonable men in concluding that plaintiff performed services beneficial to defendant in effecting a sale, under an implied contract, the order of nonsuit was proper.

But there was evidence of employment. The testimony is that while the defendant, for eight years prior to the sale of his store, had been a retail merchant in Brunswick, plaintiff had for more than twenty years been a real estate broker in that village, had known defendant and had traded with him more or less for eight years. He maintained an office in furtherance of his real estate business and for years had advertised such business in the local newspaper.

He testified that, knowing that one Senter was ready to buy real estate on Main Street, he approached defendant to ascertain whether the latter would sell his property there situate. The record reads: "I went to Mr. Farr and asked him if he wanted to sell this property. He said he did. I asked him for how much. He said, 'Fifteen thousand dollars.' I said, 'That is rather high, Mr. Farr, but I will see what I can do.' He said, 'All right.' "

After an interview with the prospective buyer, plaintiff had a second conference with defendant. It is reported as follows:

"Q. And will you tell us what conversation you had with Mr. Farr at that time?

"A. Yes, sir. I said, 'Mr. Farr, I cannot get $15,000. Can't you make me a better price? He thought a moment and then said $13,000.'

"Q. What did you say?

"A. I said, 'All right, I will see what I can do.'

"Q. And did he say anything?

"A. 'All right.' "

It appears that defendant sold in October, the consideration being $12,500 and the right on the part of the defendant to remain upon the premises and occupy certain rooms in the building until the succeeding April, or later.

Plaintiff further testified that upon learning defendant had sold the property to his prospective buyer, he went to defendant and the following conversation was had, "Mr. Farr, I see you have sold your place to Mr. Senter. He said, 'Yes.' I said, 'There is a commission due me.' He says, 'I guess not; I didn't get $13,000 for it.' "

Such testimony as that quoted above, especially because it is corroborated or strengthened by other testimony and by circumstances of probative value, definitely raised the question of fact, was there a contract by which plaintiff became defendant's broker to sell the property?

It follows that an answer should have been sought from the jury.

*Exception to nonsuit sustained.*